**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4287

DERRICK DELMAR WIDEMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-97-124)

Submitted: August 26, 1997

Decided: September 17, 1997

Before HALL, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Carlyle Steele, Jr., Greenville, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, E. Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derrick Delmar Wideman appeals the 188-month career offender sentence he received after he pled guilty to possession of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997). Wideman contends that the district court erred in finding that the terms of his oral plea agreement did not require the government to move for a substantial assistance departure. U.S. Sentencing Guidelines Manual, § 5K1.1 (1996). We affirm.

In return for Wideman's guilty plea, the government agreed to dismiss other charges against him and, if he provided assistance which the government deemed to be substantial, to move for a downward departure. At the sentencing hearing, the government disclosed that it would not move for a departure. In response to Wideman's objection that he had cooperated and made a controlled purchase of drugs leading to an arrest, the government called a police officer who testified that, while Wideman was on bond from state drug charges, he made one controlled purchase of narcotics which led to an arrest. However, the officer testified that Wideman failed to stay in contact with him and was subsequently arrested for another drug offense. After he was detained on federal charges, Wideman tried to obtain his release on bond by falsely stating that his mother had died. Because of his unreliability, Wideman was not asked to provide any further assistance.

Wideman argues that he provided substantial assistance when he made the controlled drug purchase and that the government breached the oral plea agreement by refusing to move for a departure. However, the government promised to move for a departure only if it deemed that Wideman's assistance was substantial, thus retaining the discretion to make that determination. The government fulfilled its part of the agreement simply by making its determination known to the district court. The district court had no authority to depart in the absence of a substantial showing of unconstitutional motive or other motive lacking a rational relation to a legitimate government purpose. See Wade v. United States, 504 U.S. 181, 186 (1992). Wideman made

2

no showing of either; consequently, the district court did not err in refusing to depart.

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3